**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**HELEN L. SLAVINSKI,**

                          **Petitioner,**

        v.                                      **CASE NO. 21-3240-SAC**

**STATE OF KANSAS,**

                          **Respondent.**

**MEMORANDUM AND ORDER**

This matter is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.[1] The Court has conducted an initial review of the Petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and concluded that Petitioner must file an amended petition that more clearly identifies her asserted grounds for relief. Thus, the Court will allow Petitioner until November 19, 2021, to do so.

**Background**

In July 2020, in Smith County District Court, Petitioner Helen L. Slavinski pled no contest to and was convicted of one count of aggravated battery. (Doc. 1-1, p. 55.) In October 2020, the district court sentenced her to 41 months in prison and ordered her to register as a violent offender for 15 years after she is eventually paroled, discharged, or released. *Id.* at 56, 61. Petitioner pursued

---

[1] "[I]n habeas challenges to present physical confinement . . . the default rule is that the proper respondent is the warden of the facility where the prisoner is being held." *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004). Thus, Gloria Geither, the current Warden of Topeka Correctional Facility where Petitioner is confined, is hereby substituted as Respondent pursuant to Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts and Rules 25(d) and 81(a)(4) of the Federal Rules of Civil Procedure.

a direct appeal of her sentence, which the Kansas Court of Appeals summarily dismissed under Kansas Supreme Court Rule 7.041A, and the Kansas Supreme Court denied her petition for review on August 27, 2021. On October 15, 2021, Petitioner filed in this Court her petition for writ of habeas corpus, a letter to the Court, and a motion to appoint counsel. (Docs. 1, 2, 3.)

**Standard of Review**

Rule 4 of the Rules Governing § 2254 Cases requires the Court to review a habeas petition upon filing and to dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rules Governing § 2254 Cases, Rule 4, 28 U.S.C.A. foll. § 2254. Because Petitioner is proceeding pro se, the Court liberally construes her filings. *See Hall v. Bellman*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the Court does not assume the role of Petitioner's advocate; it will not construct arguments for her, nor will it search the record. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

**Discussion**

Although Petitioner used the court-approved form to file her federal habeas petition, she has failed to identify her asserted grounds for relief. Rather, in the portion of the form petition for Petitioner to "state every ground on which you claim that you are being held in violation of the Constitution, laws or treaties of the United States," Petitioner wrote only "see additional pages." (Doc. 1, p. 5.) Attached to the petition are 126 pages of documents, including two letters addressed "[t]o the courts" and/or "to whom it may concern," typewritten pages containing numbered "Motion

Responses" that do not align to question numbers in the court-approved form for a federal habeas petition, a copy of a letter to the Kansas Appellate Defender, Kansas Bureau of Investigations (KBI) documents, and the transcript of Petitioner's state-court sentencing hearing (P. 62-126).

"[I]n conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (citations omitted). Even after reading the attachments to the petition, however, it remains unclear what Petitioner is asserting as grounds for federal habeas relief. As noted above, the Court will not search the record for Petitioner, nor will it construct arguments for her. Thus, the Court will direct Petitioner to submit an amended petition in which she clearly states her asserted bases for relief by identifying which portions of the Constitution, federal laws, or treaties she believes were violated by her conviction.

It appears from the petition and attachments thereto that Petitioner may be dissatisfied with the representation provided by trial counsel or may be challenging the sufficiency of the evidence underlying her conviction. The Court advises Petitioner that "'[a] threshold question that must be addressed in every habeas case is that of exhaustion.'" *Fontenot v. Crow*, 4 F.4th 982, 1018 (10th Cir. 2021) (citation omitted). A state prisoner must exhaust all available state-court remedies before pursuing federal habeas relief unless it appears there is an absence of available state corrective process or circumstances exist that render such process ineffective to protect the petitioner's rights. See 28 U.S.C. §

2254(b)(1); *see also Bland v. Simmons*, 459 F.3d 999, 1011 (10th Cir. 2006).

In Kansas, to satisfy the exhaustion requirement, Petitioner must have presented the very issues raised in her federal petition to the Kansas Court of Appeals and been denied relief. *See Picard v. Connor*, 404 U.S. 270, 275-76 (1971); Kansas Supreme Court Rule 8.03B(a). Petitioner bears the burden to show she has exhausted available state remedies. *Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992); *see also Parkhurst v. Pacheco*, 809 Fed. Appx. 556, 557 (10th Cir. 2020). The information currently before the Court reflects that Petitioner's direct appeal concerned only her sentence, and she has not pursued any further relief in the state courts.

Although the Court does not opine on the potential success of such motions, there appear to be avenues of relief available in state court, such as through a motion to withdraw her plea under K.S.A. 22-3210 or a motion for writ of habeas corpus based on ineffective assistance of counsel under K.S.A. 60-1507. Thus, Petitioner should consider whether she has exhausted all available state-court remedies related to the grounds on which she now seeks federal habeas relief. Unexhausted claims are subject to dismissal without prejudice.

Finally, if Petitioner submits an amended petition, it must be on court-approved forms and must be complete in and of itself. It may not refer back to an earlier version or petition or attempt to incorporate by reference earlier filings with this Court. Any grounds for relief not included in the amended petition will not be considered by the Court. Petitioner must include the case number of

this action (21-3240) on the first page of the amended petition.

Petitioner is allowed to attach additional pages to the petition if necessary, but she must ensure that her asserted grounds for relief are clearly identified in the petition. The Court will liberally construe pro se filings, but will not search the record or construct arguments for Petitioner. If Petitioner files an amended petition, the Court will conduct an initial review of that amended petition as required by Rule 4 of the Rules Governing § 2254 Cases. If Petitioner fails to timely submit a proper amended petition, this matter will be dismissed without prejudice.

**Motion to Appoint Counsel**

Petitioner has also filed a motion to appoint counsel. (Doc. 3.) The motion alleges that Petitioner is currently in the custody of the Kansas Department of Corrections and is thus indigent and unable to retain counsel. *Id.*

Petitioner has no constitutional right to counsel in a federal habeas corpus action. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). Rather, the decision whether to appoint counsel rests in the Court's discretion and the Court may appoint counsel if it "determines that the interest of justice so require." 18 U.S.C. § 3006A(a)(2)(B); *Swazo v. Wy. Dept. of Corr. State Penitentiary Warden*, 23 F.3d 332, 333 (10th Cir 1994). When deciding whether to appoint counsel, the Court must consider "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)(citation omitted). Petitioner bears the burden "to convince the court that there is sufficient merit to [her] claim to

warrant the appointment of counsel." *Steffey v. Orman*, 451 F.3d 1218, 1223 (10th Cir. 2006)(quoting *Hill*, 393 F.3d at 1115.

At this early stage in the proceedings[2], the Court concludes that it is not in the interest of justice to appoint counsel. As explained above, Petitioner's grounds for habeas relief are unclear, so the Court cannot accurately determine the merits or complexity thereof or determine whether Petitioner needs assistance investigating related facts to present her claims.

**IT IS THEREFORE ORDERED** that Petitioner's motion to appoint counsel (Doc. 3) is **denied without prejudice**. It is further ordered that Petitioner is granted until November 19, 2021, in which to file a complete and proper amended petition that cures the deficiencies addressed herein. The clerk is directed to provide the court-approved form to Petitioner. The clerk is also directed to substitute Gloria Geither, Warden of Topeka Correctional Facility, as Respondent in this action.

**IT IS SO ORDERED.**

DATED:  This 19th day of October, 2021, at Topeka, Kansas.

S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge

---

[2] If this matter develops in a way that requires counsel to be appointed, the Court may do so at a later date.