**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**HELEN L. SLAVINSKI,**

               **Petitioner,**

        v.                                       **CASE NO. 21-3240-SAC**

**GLORIA GEITHER,**

               **Respondent.**

**NOTICE AND ORDER TO SHOW CAUSE**

    This matter is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. Petitioner has filed a motion for leave to proceed in forma pauperis (Doc. 6), which is granted. The Court also has conducted an initial review of the amended petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and it appears that the claims within are not exhausted. Accordingly, the Court will direct Petitioner to show why this matter should not be dismissed without prejudice to refiling after she exhausts her claims in state court.

**Background**

    In July 2020, in Smith County District Court, Petitioner Helen L. Slavinski pled no contest to and was convicted of one count of aggravated battery. (Doc. 1-1, p. 55.) In October 2020, the district court sentenced her to 41 months in prison and ordered her to register as a violent offender for 15 years after she is eventually paroled, discharged, or released. *Id.* at 56, 61. Petitioner pursued a direct appeal of her sentence, which the Kansas Court of Appeals (KCOA) summarily dismissed under Kansas Supreme Court Rule 7.041A,

and the Kansas Supreme Court (KSC) denied her petition for review on August 27, 2021. On October 15, 2021, Petitioner filed in this Court her petition for writ of habeas corpus. (Doc. 1.)

Upon initial review of the petition, the Court concluded that it could not identify Petitioner's asserted grounds for relief. It therefore directed Petitioner to file an amended petition on court-approved forms. (Doc. 5.) Petitioner filed her amended petition on November 16, 2021 and the Court has conducted an initial review of the amended petition. (Doc. 7.)

Liberally construing the amended petition, as is appropriate since Petitioner proceeds pro se, Petitioner raises the following grounds for relief: ineffective assistance of trial counsel (Grounds 1, 4, 5, 6, 7, 8, and 9); insufficient evidence to support her conviction (Ground 2); insufficient treatment for her medical and mental health needs (Ground 4); and her plea was involuntary and coerced (Grounds 6 and 7). As relief, Petitioner asks this Court to dismiss the charges against her, vacate her conviction and the accompanying registration requirement, and order compensation for her pain, suffering, and loss of time with her family and friends.[1] (Doc. 7, p. 17.)

**Exhaustion**

"'A threshold question that must be addressed in every habeas case is that of exhaustion.'" *Fontenot v. Crow*, 4 F.4th 982, 1018 (10th Cir. 2021) (quoting *Harris v. Champion*, 15 F.3d 1538, 1544 (10th Cir. 1994). As the Court pointed out in its prior memorandum

---

[1] To the extent that Petitioner seeks "compensation," the Court notes that money damages are not available as relief in a habeas corpus petition. Only after a prisoner succeeds in obtaining habeas corpus relief because of a violation of her constitutional rights may she bring a civil action for damages against the person or persons whose misconduct led to the illegal confinement, assuming that person does not have immunity. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

and order, a state prisoner must exhaust all available state-court remedies before pursuing federal habeas relief unless it appears there is an absence of available state corrective process or circumstances exist that render such process ineffective to protect the petitioner's rights.[2] See 28 U.S.C. § 2254(b)(1); *see also Bland v. Simmons*, 459 F.3d 999, 1011 (10th Cir. 2006). The exhaustion requirement exists to "give state courts a fair opportunity to act on [his] claims." *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999) (citing *Castille v. Peoples*, 489 U.S. 346, 351 (1989)).

To satisfy the exhaustion requirement, Petitioner must have presented the very issues raised in the federal petition to the KCOA and the KCOA must have denied relief. *See Picard v. Connor*, 404 U.S. 270, 275-76 (1971); Kansas Supreme Court Rule 8.03B(a). Petitioner bears the burden to show she has exhausted available state remedies. *Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992); *see also Parkhurst v. Pacheco*, 809 Fed. Appx. 556, 557 (10th Cir. 2020).

To her credit, Petitioner acknowledges that she has not presented to the state courts the grounds for relief asserted in her federal habeas petition. (Doc. 7, p. 5-14.) She appears to assert that she has instead chosen to file the present petition for federal habeas relief. *See id.* But a federal habeas petition is not a substitute for seeking relief in state court. Rather, Petitioner must exhaust available state-court remedies before seeking habeas

---

[2] Petitioner alleges this absence as Ground 3 for habeas relief, but she does not explain how it applies in this case. As noted in the Court's previous memorandum and order, there appear to be avenues for Petitioner to obtain relief in state court, such as by filing a motion under K.S.A. 60-1507. In addition, to the extent Petitioner alleges that her plea was coerced on involuntary, K.S.A. 22-3210 provides the circumstances under which a plea of guilty or no contest may be withdrawn after conviction and sentencing.

relief in federal court. Because Petitioner has not presented her grounds for relief to the state courts, they are unexhausted. Moreover, it appears that avenues for such exhaustion remain available. "Generally, a federal court should dismiss unexhausted claims without prejudice so that the petitioner can pursue available state-court remedies." *Grant v. Royal*, 886 F.3d 874, 891-92 (10th Cir. 2018) (internal citations and quotation marks omitted).

**IT IS THEREFORE ORDERED** that Petitioner is granted until and including December 17, 2021, to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why this matter should not be dismissed without prejudice so that Petitioner may exhaust her claims in state court.

**IT IS FURTHER ORDERED** that Petitioner's motion to proceed in forma pauperis (Doc. 6) is **granted.**

**IT IS SO ORDERED.**

DATED:  This 17th day of November, 2021, at Topeka, Kansas.


S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge