IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**HELEN L. SLAVINSKI,**

       **Petitioner,**

   v.              CASE NO. 21-3240-SAC

**GLORIA GEITHER,**

       **Respondent.**

## MEMORANDUM AND ORDER

This matter is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. The matter now comes before the Court on Petitioner's most recent filings, which the Court construes as responses to the Notice and Order to Show Cause (NOSC). (Docs. 9, 10, and 11.)

**Background**

In July 2020, in Smith County District Court, Petitioner pled no contest to and was convicted of one count of aggravated battery. (Doc. 1-1, p. 55.) In October 2020, the district court sentenced her to 41 months in prison and ordered her to register as a violent offender for 15 years after she is eventually paroled, discharged, or released. *Id.* at 56, 61. Petitioner pursued a direct appeal of her sentence, which the Kansas Court of Appeals (KCOA) summarily dismissed under Kansas Supreme Court Rule 7.041A, and the Kansas Supreme Court (KSC) denied her petition for review on August 27, 2021. On October 15, 2021, Petitioner filed in this Court her petition for writ of habeas corpus. (Doc. 1.)

Upon initial review of the petition, the Court concluded that

it could not identify Petitioner's asserted grounds for relief. It therefore directed Petitioner to file an amended petition on court-approved forms. (Doc. 5.) Petitioner filed her amended petition on November 16, 2021. (Doc. 7.) After reviewing the amended petition, the Court issued a NOSC (Doc. 8) noting that "'[a] threshold question that must be addressed in every habeas case is that of exhaustion.'" *Fontenot v. Crow*, 4 F.4th 982, 1018 (10th Cir. 2021) (citation omitted). A state prisoner must exhaust all available state-court remedies *before* pursuing federal habeas relief unless it appears there is an absence of available state corrective process or circumstances exist that render such process ineffective to protect the petitioner's rights.[1] See 28 U.S.C. § 2254(b)(1). Petitioner bears the burden to show she has exhausted available state remedies. *Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992); *see also Parkhurst v. Pacheco*, 809 Fed. Appx. 556, 557 (10th Cir. 2020).

To her credit, Petitioner acknowledges that she has not presented to the state courts the grounds for relief asserted in her federal habeas petition. (Doc. 7, p. 5-14.) Because Petitioner has not presented her grounds for relief to the state courts, they are unexhausted. Moreover, it appears that avenues for potential relief in state court remain available. When a federal habeas petition contains unexhausted claims and state-court remedies are still available, the federal court generally should dismiss the matter "without prejudice so that the petitioner can pursue available state-court remedies." *Grant v. Royal*, 886 F.3d 874, 891-

---

[1] Petitioner alleges this absence as Ground 3 for habeas relief, but she does not explain how it applies in this case. As noted in the Court's NOSC, Petitioner may be able to obtain relief in state court under K.S.A. 60-1507 and/or K.S.A. 22-3210.

92 (10th Cir. 2018) (internal citations and quotation marks omitted). Thus, the NOSC directed Petitioner "to show good cause, in writing . . . why this matter should not be dismissed without prejudice so that Petitioner may exhaust her claims in state court." (Doc. 8.)

On November 22 and December 3 and 10, 2021, Petitioner filed documents with this Court. (Docs. 9, 10, and 11.) The Court has carefully reviewed those documents, which appear to be letters, and liberally construes them as responses to the NOSC.

**Analysis**

In her letters, Petitioner asserts that "with this letter [she] will have exhausted [her] state remedies" and that she "can file a new petition on this matter." (Doc. 9, p. 1.) But Petitioner may not satisfy the exhaustion requirement by filing a letter with this court. Rather, as explained in the NOSC and in the Court's prior Memorandum and Order (Doc. 5), Petitioner must exhaust state-court remedies by presenting her claims in the state courts. Put another way, this Court is a federal district court and, as a federal district court, this Court cannot grant habeas relief on Petitioner's claims until after she presents those claims to the Kansas state district court and the Kansas Court of Appeals.

Petitioner's letters also assert her innocence of the crime of which she was convicted and set forth reasons she believes this Court should agree that she could not have committed the crime. The letters provide information about Petitioner's experience in prison and events she has missed due to her incarceration. Even liberally construing the letters, however, Petitioner has not established a legally sufficient reason to excuse her from the exhaustion

requirement. Accordingly, the Court will dismiss this matter without prejudice so that Petitioner may seek relief in the Kansas state courts.[2]

**Certificate of Appealability**

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability (COA) upon entering a final adverse order. A COA may issue only if the petitioner made a substantial showing of the denial of a constitutional rights. 28 U.S.C. § 2253(c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The failure to satisfy either prong requires the denial of a COA. *Id.* at 485. The Court concludes that its procedural ruling in this matter is not subject to debate among jurists of reason. Therefore, the Court declines to issue a certificate of appealability.

**IT IS THEREFORE ORDERED** that this matter is **dismissed without prejudice**. No certificate of appealability will issue.

**IT IS SO ORDERED.**

---

[2] Petitioner is advised that Legal Services for Prisoners is available to advise on postconviction remedies available in the state courts and, according to its website, currently operates an office in the Topeka Correctional Facility.

DATED:  This 13th day of December, 2021, at Topeka, Kansas.

          S/ Sam A. Crow

          SAM A. CROW
          U.S. Senior District Judge